bBYRNES, C.J.,
Dissents in Part and Concurs in Part.
I respectfully dissent in part and concur in part. The judgment nullifying Ms. Hernandez’s adoption is not an absolute nullity. The Majority opinion, quoting from La. C.C.P. art.2002, lists the three grounds for declaring a judgment absolutely null. From there the Majority opinion leaps to a discussion of who may assert the nullity, but fails to identify which of the three categories of absolutely null judgments is applicable. I would suggest that none is.
Instead the majority invokes a tenuous argument concerning indispensable parties relying on remote out of state cases that are not persuasive.
This is an unusual and hard case. The majority opinion would have this hard case make bad law. Legally, the DOTD should have no right to intervene in proceedings related to Ms. Hernandez’s adoption status. In this case they are affected by that status, but in contemplation of the law that is merely a coincidence. It would be very bad public policy to suggest that a party, such as the DOTD, who has no family or welfare relationship with the adoptee, should have any legal interest or legal standing in adoption proceedings.
Angelo v. Alex, 94-0320 (La.App. 1 Cir. 12/22/94), 649 So.2d 1042 is inapposite. In that case the trial court rendered a declaratory judgment making determinations regarding the title to real property without citing any of the parties who might have an interest in the property. The legal effect of the Angelo | declaratory judgment would be direct. The legal effect on the instant case of Ms. Hernandez’s adoption proceedings is indirect and coincidental. The judgment nullifying Ms. Hernandez’s adoption has no effect on the merits of the claim against the DOTD.
Ms. Hernandez’s petition to nullify her adoption was good lawyering, not bad faith or ill practices.
Additionally, and perhaps more importantly, it appears that the documents that the DOTD relies upon in raising the issue of Ms. Hernandez’s adoption were never properly admitted into evidence.
Accordingly, I dissent from that portion of the majority opinion overturning the trial court judgment in favor of Ms. Hernandez. I would affirm that portion of the trial court judgment. I concur in the balance of the majority opinion.
JONES, J., Dissents in Part and Concurs in Part for the Reasons Assigned by Chief Judge BYRNES and Judge LOVE.